THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REBECCA TINDER, ) Case No. 2:09CV00889-DS

        Plaintiff, )

vs. )

       ) MEMORANDUM DECISION
       ) AND ORDER GRANTING
LEHMAN BROTHERS BANK, FSB,    DEFENDANTS' MOTION TO
AURORA LOAN SERVICES, MORTGAGE ) DISMISS
ELECTRONIC REGISTRATION SERVICES,
INC., and John does 1 through 10, )

        Defendants. )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

By Warranty Deed dated October 2, 2007, Plaintiff acquired a residence located at 14809 South Chamonoix Court, Draper Utah. The property was financed by a loan from Defendant Lehman Brothers Bank, FSB, and secured by a Deed of Trust also dated October 2, 2007. Plaintiff filed the instant Complaint on October 1, 2009.

Plaintiff alleges that under the Truth in Lending Act, 15 U.S.C. §1601 et seq. (the "Act"), its implementing regulations, 12 C.F.R. § 226.1 et seq., and the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1639 et seq., Defendants were obligated, but failed, to disclose the annual percentage rate ("APR"), the origination fees and the right to rescind the loan transaction. Plaintiff seeks damages, rescission of the loan and attorney's fees. Compl. ¶¶ 12-20.

Defendants Lehman Brothers Bank, FSB, Aurora Loan Services and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants") have moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Because this Court, as well as other courts, have addressed the issues presented, the Court sees no need to belabor the matter.[1] As outlined by Defendants in their pleadings, the APR and origination fee disclosure requirements of 12 C.F.R § 226.32, upon which Plaintiff relies, do not apply to any "residential mortgage transaction." *See* 12 C.F.R § 226.32(a)(2)(I); § 226.2(a)(24; 15 U.S.C. §§ 1602(w), 1602(aa) and 1639. Likewise, the right to rescind a loan transaction and ancillary disclosure obligations do not apply to a residential mortgage transaction. 12 C.F.R. § 226.23(f); 15 U.S.C. § 1635(e).

Plaintiff's position that § 1635(i) applies to allow rescission any loan, including exempt residential mortgage transactions, if a lender commences foreclosure, is rejected since § 1635 by its clear language does not apply to residential mortgage transactions.

It is undisputed that the loan at issue was a residential mortgage transaction. Because the provisions upon which Plaintiff

---

[1] *See e.g. Grealish v. American Brokers Conduit*, No. 2:08cv765-DS, 2009 WL 2992570 (D. Utah Sept. 16, 2009); *Barrow v. Countrywide Home Loans, Inc.*, No. 1:09cv53-DS, 2009 WL 3418165 (D. Utah Oct. 16, 2009); *Shelburn v. Academy Mortgage Corp.*, No 2:09cv757-DS, 2009 WL 3459869 (D. Utah Oct. 21, 2009); and, *Seely v. Countrywide Bank*, 2:09cv758, 2009 WL 4730788 (D. Utah Dec. 7, 2009).

relies do not apply to residential mortgage transactions, those provisions are inapplicable here and Defendants are entitled to dismissal of this matter. Accordingly, for the reasons explained, as well as generally for those additional reasons set forth by Defendants in their pleadings, **Defendants' Motions to Dismiss** (Doc. #3) **is granted.**

**IT IS SO ORDERED.**

DATED this __19th__ day of __January__, 2010.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT